UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| JEROME STURGILL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-258-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Jerome Sturgill and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner). [Record No. 4, 5] Through this action, Sturgill seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to a period of disability and disability insurance benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Sturgill.

**I.   BACKGROUND**

Sturgill filed an application for Supplemental Security Income (SSI) payments on June 16, 2003 (Tr. 54-58). This application was denied initially and upon reconsideration (Tr. 37-40, 44-46). Plaintiff requested a hearing before an ALJ who issued a decision March 21, 2005, denying the Plaintiff's claim. (Tr. 14-26)

Sturgill was 39 years old at the time of the ALJ's decision (Tr. 18, 54). He has a high school education and past relevant work experience as a day laborer for a disaster relief program, a feed store worker and a farmer (Tr. 65, 70). He alleges disability beginning April 1, 1999, due to back pain, high blood pressure, kidney problems, and numbness in his left foot and leg (Tr. 64). After a careful review and evaluation of the objective medical evidence, Sturgill's subjective allegations, and the vocational expert's (VE) testimony (Tr. 18-24), the ALJ found that Sturgill had the residual functional capacity (RFC) to perform a wide range of medium work (Tr. 25, Finding No. 5).

Specifically, the ALJ found that Sturgill's past relevant work as a feed store worker did not require the performance of work-related activities precluded by his RFC (Tr. 25, Finding No. 6). Moreover, he has the RFC to perform a significant number of other jobs in the national economy at the medical level of exertion (Tr. 25, Finding No. 6). Consequently, Sturgill was found not disabled pursuant to 20 C.F.R. § 416.920(g) (2005) (Tr. 26, Finding No. 11). On June 17, 2005 the Appeals Council denied Plaintiff's request for review (Tr. 9-11). This appeal followed.

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, a

claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the

court." *Mullen v. Sturgill*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Secretary of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Secretary of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Sturgill*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of

credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Secretary of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. ANALYSIS

Sturgill argues that the decision of the Commissioner should be reversed because it is not supported by substantial evidence. Specifically, Sturgill argues that the ALJ improperly discounted the opinion of his treating physician, failed to consider the cumulative effects of his impairments, and discounted his subjective complaints of pain. Because of this, the ALJ submitted an improper hypothetical to the VE, who, when presented with Sturgill's actual limitations found no jobs which he could work.

#### A. Treating Physician

Sturgill argues that the ALJ improperly discounted the opinion of his treating physician, Dr. Grady Stumbo. The opinion of the treating physician is entitled to careful consideration. *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284 (6th Cir. 1994). However, while some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence,

including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . . your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.")

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques; (2) it is inconsistent with substantial evidence in the record; (3) it does not identify the evidence supporting its finding; and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record.

In this case, the ALJ discounted the opinion of Dr. Stumbo because it was contradictory to the rest of the medical evidence in the record. Dr. James Bean, a neurosurgeon who examined Sturgill in January 2004, found no impairment severe enough to warrant surgery. (Tr. 148) Dr. Bean's opinion was informed by an MRI of Sturgill, which is also in the record. *Id.*

Dr. Stumbo's opinion was also contradicted by Dr. W. Roy Stauffer who examined Sturgill. (Tr. 109) While Dr. Stauffer did find some impairments, including traces of edema and tenderness along the spine, he found Sturgill capable of occasionally lifting 50 pounds and frequently lifting 25 pounds, but not repetitively. (Tr. 109) In addition, Sturgill could stand or walk approximately 6 hours in an 8-hour day (Tr. 109), and push and pull, but not on a repetitive basis with his upper extremities. This diagnosis was confirmed by both Dr. H.T. Anzures (Tr. 113-122) and Dr. John Rawlings. (Tr. 138-147) It was these opinions which led the ALJ to discount the testimony of Dr. Stumbo and which later formed the basis of the ALJ's later RFC determination of medium work.

### B. Cumulative Effects of Impairments, including Subjective Complaints of Pain

Sturgill also contends that while the ALJ considered each of his impairments separately, he failed to consider the cumulative effect of all of his impairments when determining his RFC. Sturgill notes that when presented with all of his impairments as presented in Dr. Stumbo's report, the VE found he could perform no gainful employment. [Record No. 4, pg. 4] The Court has already addressed the ALJ's discounting of Dr. Stumbo's testimony and found that the ALJ's decision to so discount it was supported by the substantial evidence. The Court would also note that, to the extent that Sturgill alleges that the ALJ has improperly discounted those impairments which are exacerbated by subjective complaints of pain, that decision is entirely within the province of the ALJ. *Varley v. Sect. of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987) (quoting *Houston v. Secretary of Health and Human Services*, 736 F.2d 365, 367 (6th Cir. 1984)).

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). The Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 853 (6th Cir. 1986).

Objective medical evidence confirms that Sturgill suffered some degree of pain. However, in light of all of the evidence presented to the ALJ Sturgill's pain does not constitute substantial evidence that the pain is of such a severity that it is disabling (Tr. 21).

### C. Vocation Expert's Opinion

Because the Court finds that the ALJ's credibility determination as to the weight which should be accorded to the opinions of the respective physicians, the Court also finds that the hypothetical presented to the VE was proper. The VE determined that given Sturgill's RFC, he was capable of performing a number of medium work jobs. (Tr. 206-207) This testimony is substantial evidence which supports the Commissioner's decision that Plaintiff is not disabled. *See Davis v. Secretary of Health and Human Services*, 915 F.2d 186, 189 (6th Cir. 1990). Because it is the Commissioner's duty to evaluate the credibility of the VE's testimony, the

Commissioner's decision should be affirmed. *Sias v. Secretary of Health and Human Services*, 861 F.2d 475 (6th Cir. 1988); *see also Born v. Secretary of Health and Human Services*, 923 F.2d 1168 (6th Cir. 1990); *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224 (6th Cir. 1988).

### IV.     CONCLUSION

After reviewing the briefs submitted by the parties and the administrative record, this Court concludes that the ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

(1) The Plaintiff's Motion for Summary Judgment [Record No. 4] is **DENIED**;

(2) The Commissioner's Motion for Summary Judgment [Record No. 5] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 20th day of March, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge